IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID LYNN COLLINS,
     Petitioner,

vs.                                Case No. 3:09cv117/LAC/EMT

EDWIN G. BUSS,
     Respondent.
_____/

**O R D E R**

     This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated July 18, 2011 (Doc. 44). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a de novo determination of objections filed and have reviewed the motion to strike filed in response to said objections.

     For the reasons stated in Respondent's motion to strike, the Court deems Petitioner's objections not to include any formal amendment of his claims but as a simple notice of a recent case decision. Taken as such, the court does not find the *Shelton* case to be binding on this Court, nor to alter the Magistrate Judge's conclusion that Petitioner's trial and appellate counsel were not ineffective, based, as those claims must be, on the information and the status of the law available to counsel at the time.

     Nonetheless, because of the holding in *Shelton*, the Court finds it appropriate to issue a certificate of appealability as to the petition's first claim that counsel was ineffective for failing to move for dismissal or for a judgment of acquittal, failing to request a special jury instruction and failing to object to the prosecutor's closing argument, all on grounds that the State cannot aggregate the amount of cocaine transactions when the State failed to prove that a defendant specifically intended to sell, purchase, deliver, or possess a total of 28 grams or more of cocaine at different times (as is necessary to establish the offense of trafficking). Likewise, the Court finds it appropriate to issue a certificate of appealability as to Petitioner's second claim that his appellate counsel was

ineffective for failing to raise on appeal the issues presented in his first claim for relief. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). As the Court finds Petitioner has made the requisite showing, it is concluded that an appeal of the first two issues as raised in the petition would be taken in good faith, and therefore leave to appeal should be granted as to these issues only.

Thus, having considered the Report and Recommendation, and the timely filed objections thereto, I have determined that the Report and Recommendation should be adopted to the extent Ordered herein.

Accordingly, it is now **ORDERED** as follows:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The amended petition for writ of habeas corpus (doc. 5) is **DENIED**.

3. Respondent's Motion to Strike (doc. 47) is **DENIED** in light of this Order.

4. In light of the decision in *Shelton v. Department of Corrections*, Case No. 6:07-cv-839-Orl-35-KRS, 2011 WL 3236040 (M.D. Fla. July 27, 2011), a certificate of appealability is **GRANTED** only as to the first two issues raised in the amended petition.

.       **ORDERED** on this 12th day of October, 2011.

s/ *L.A. Collier*<br>
Lacey A. Collier<br>
Senior United States District Judge